Roberts's Estate (No. 1).

Argued October 2, 1934. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John F. Steel, Jr.,* and *Robert H. Locke,* for appellant.

*Norman E. Clark* and *John C. Judson,* for appellee.

PER CURIAM, November 26, 1934:

Margaret H. Roberts, a daughter of George W. Roberts, deceased, has appealed from a decree of the Orphans' Court of Washington County dismissing her petition for a citation directed to the Washington Trust Company to show cause why it should not pay petitioner the sum of $10,472.71 alleged to be due her as a legacy from her father's estate. The court below was completely justified in sustaining respondent's answer to the petition raising preliminary objections, which averred that the record of the proceedings shows the Washington Trust Company duly filed its account as executor of the will of George W. Roberts, deceased, on December 28, 1909; that the account was advertised by the register of wills as required by law, and confirmed by the court; that on February 16, 1910, an auditor was appointed to distribute the balance shown by the account; and that on March 28, 1910, the auditor's report was filed in court and duly confirmed nisi, and no exceptions were filed or appeal taken. The answer of respondent further avers that the Washington Trust Company, as executor, turned over to petitioner the amount awarded to her and filed her receipt for that sum in the above proceeding. It therefore appears that the matters complained of by appellant arose twenty-two years before the filing of her present petition, and concern proceedings which the record indicates were entirely regular and proper. If petitioner has any valid ground for complaint, which is extremely doubtful, inasmuch as she was represented by reputable counsel at the time distribution was made of her father's estate, she is too late in raising the question now, and is definitely barred by laches.

The petition also alleges fraud on the part of respondent in the investment of funds of appellant. The court below properly held that this question was not cognizable by it in the present proceeding. The facts averred relate

to matters arising subsequent to distribution of decedent's estate, and they raise no legal question which falls within the jurisdiction of the orphans' court.

The decree is affirmed at appellant's cost.